E-FILED
Monday, 18 May, 2026  11:13:28 AM
Clerk, U.S. District Court, ILCD

## IN THE
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

TIFFNEY JOHNSON,
    Plaintiff,

v.

STATE FARM,
    Defendant.

Case No. 1:26-cv-1143

### Order

Now before the Court is the Plaintiff, Tiffney Johnson's Application to Proceed in the District Court Without Prepaying Fees or Costs. (D. 3).[1] For the reasons set forth below, the Plaintiff's application to proceed *in forma pauperis* (IFP) is denied.

### I

"The federal IFP statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Here, even construing the Complaint (D. 1) in the light most favorable to the Plaintiff, the allegations fall short of stating a plausible claim for relief. The Plaintiff alleges that the following acts create a $1,000,000.00 cause of action under Article I, Section 10 of the Constitution:

> I sent the notice of unpaid lien to the company …, letting them know about the first obligation trust lien that I needed to get taken care (which had nothing to do with them). They completely ignored which now puts them at fault for the trust lien security agreement pay off for delaying and ignoring the first obligation pay off.

(D. 1 at ECF p. 4). Based on this statement of claim, it is unclear who owed a payment obligation to the Plaintiff, what the source of that obligation was, who failed to pay, and other critical details that are necessary to put State Farm on notice of the pending claim. Nor is it clear how this conduct runs afoul of the Constitution's Contract Clause, which provides that "[n]o State shall … pass any … law impairing the Obligation of Contracts." U.S. CONST. art. I, § 10. Accordingly, both because the Plaintiff's claim lacks clear (or even passable) detail about how State Farm has infringed her rights, and because the claim utterly fails under the Constitution's Contract Clause, the Plaintiff's Complaint cannot proceed as pleaded. *See Van Brunt v. Wisconsin*, No. 09-CV-644-BBC, 2009 WL 3617649, at *2

2

(W.D. Wis. Oct. 29, 2009) (denying motion to proceed IFP because the "plaintiff's complaint alleges only factually baseless claims"); *see also Neal v. Miller*, 542 F. Supp. 79, 81 (S.D. Ill. 1982) (denying motion to proceed IFP because the "Plaintiff's claim is wholly without merit").

## II

For the reasons set forth above, the Plaintiff's Application to Proceed in the District Court Without Prepaying Fees or Costs (D. 3) is denied, and her Complaint (D. 1) is dismissed without prejudice. The Plaintiff is granted leave to renew the pending Motion and amend her Complaint within 21 days if she believes she can state a claim in accordance with this order.

*It is so ordered.*

Entered on May 18, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

3